# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1793
Lower Tribunal No. 21-12448
_____

**Vault Reciprocal Exchange,**
Petitioner,

vs.

**Peter Luria, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Conroy Simberg, and Samuel B. Spinner and Hinda Klein (Hollywood), for petitioner.

Greenspoon Marder LLP, and Richard C. Giller (Los Angeles, CA), Edmund O. Loos III (Orlando), and Julie M. Moeller (Houston, TX), for respondents.

Before FERNANDEZ, SCALES and BOKOR, JJ.

PER CURIAM.

In this first-party breach of insurance contract action, petitioner Reciprocal Exchange ("Vault"), the defendant below, seeks certiorari review of an order compelling Vault to produce to Vault's insureds, respondents Peter Luria and Pamela Luria, the plaintiffs below, certain materials requested by the Lurias and objected to by Vault as protected by the work product privilege. We grant the petition and quash the order compelling production.

After their home suffered water damage on September 24, 2019, the Lurias filed an insurance claim with Vault. Vault determined there was partial coverage and made a payment to the Lurias for the loss. Following the partial payment, the Lurias filed a single-count breach of insurance contract action against Vault seeking additional payment.

During discovery, prior to the Lurias' request for production, Vault preemptively filed a privilege log, claiming the documents listed on the log constituted work product. The Lurias then requested production of all the documents "identified in [Vault's] Privilege Log . . . that pre-date the filing of this lawsuit." Vault objected and again asserted work product privilege, and the Lurias moved to compel production of the withheld documents. Following an in-camera review, the trial court entered the challenged September 8, 2023 order compelling Vault to produce the withheld documents.

Here, the withheld documents were created after the Lurias "tendered their claim" and, as such, may be deemed to have been prepared in anticipation of coverage litigation. See Liberty Mut. Fire Ins. Co. v Kaufman, 885 So. 2d 905, 910 (Fla. 3d DCA 2004) ("In the insurance context, a document may be deemed to have been prepared in anticipation of coverage litigation if it was created after the insured tendered its claim for coverage; if it begins to appear that the insurer might deny coverage or reserve its rights; the insurer denies coverage; if coverage litigation appears imminent; or if coverage litigation commenced."). They therefore constitute privileged work product. See Avatar Prop. & Cas. Ins. Co. v. Mitchell, 314 So. 3d 640, 642 (Fla. 3d DCA 2021); see also Avatar Prop. & Cas. Ins. Co. v. Flores, 320 So. 3d 840, 843 (Fla. 2d DCA 2021) ("Florida courts routinely hold that materials generated during an insurer's investigation of a claim for coverage constitute protected work product.").

A party may obtain materials prepared in anticipation of litigation "only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla. R. Civ. P. 1.280(b)(4). As such, the trial court could not compel production without the Lurias showing both need and undue hardship. See Mitchell, 314 So. 3d at

3

642 (granting certiorari as "the materials challenged constitute work-product" and the insured "made no showing below of those exceptional circumstances required to justify compelled disclosure"). The Lurias made no such showing.

Petition granted; order quashed.